UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LEWIS ALFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-0277-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff appears to be a former county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, his request for leave to proceed in forma pauperis is granted.

I. **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
2    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
3    plain statement of the claim showing that the pleader is entitled to relief, in order to give the
4    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
5    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
6    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
7    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
8    U.S. 662, 679 (2009).
9    To avoid dismissal for failure to state a claim a complaint must contain more than "naked
10   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
11   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
12   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
13   678.
14   Furthermore, a claim upon which the court can grant relief must have facial plausibility.
15   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
16   content that allows the court to draw the reasonable inference that the defendant is liable for the
17   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
18   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
19   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
20   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21   **II.    Screening Order**

22   The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds
23   that it must be dismissed with leave to amend for failure to state a claim.  Plaintiff's complaint,
24   which is handwritten and difficult to read, appears to allege the following:

> Since Dec. 10, 2014 [I have been] taking insulin injection[s] at 3:00 AM or 3:10
> every morning.  Some morning[s] my sugar count be low . . . I do not receive
> anything to get it back to normal to count of 117.  After injecting 24 units of
> insulin morning and evening.  Do not eat until 4:00 AM morning and night.  When

2

> injecting insulin . . . you are to eat within 30 minutes.  This has been going on since Dec. 2014.  My health is in jeopardy!!!

ECF No. 1, § IV.  Plaintiff appears to names the following defendants: California Forensic Medical Group, Nurse Kim, P. Elder, the Chief Medical Officer,[1] RN Jones, and V. Jones.  The complaint is devoid of any allegations linking any of these defendants to any violation of plaintiff's federal rights.  It can be inferred from the complaint that plaintiff has diabetes, but the complaint fails to allege who is responsible for managing plaintiff's healthcare and for providing him with insulin injections.  Under the applicable legal standards, discussed below, the complaint must be dismissed for failure to state a claim.  To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

---

[1] If plaintiff intends to name the "chief medical officer" as a defendant, he must provide the defendant's actual name in an amended complaint.  Unknown persons cannot be served with process until they are identified by their real names.

*also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Here, plaintiff's allegations demonstrate a serious medical need (diabetes) but do not show that any particular defendant responded to that need with the requisite state of mind for an Eighth Amendment violation.  Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

1    Any amended complaint must not exceed the scope of this order and may not add new,
2 unrelated claims.  Further, any amended complaint must cure the deficiencies identified above
3 and also adhere to the following requirements:

4    Any amended complaint must identify as a defendant only persons who personally
5 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
6 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
7 constitutional right if he does an act, participates in another's act or omits to perform an act he is
8 legally required to do that causes the alleged deprivation).   It must also contain a caption
9 including the names of all defendants.  Fed. R. Civ. P. 10(a).

10    Any amended complaint must be written or typed so that it so that it is complete in itself
11 without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
12 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
13 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
14 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
15 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
16 1967)).

17    Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
18 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
19 See Local Rule 110.

20    Accordingly, IT IS HEREBY ORDERED that:

21    1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

22    2. The complaint is dismissed with leave to amend within 30 days.  The amended
23 complaint must bear the docket number assigned to this case and be titled "First Amended
24 Complaint."  Failure to comply with this order will result in this action being dismissed for failure
25 /////
26 /////
27 /////
28 /////

to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: May 19, 2016.

　　　　　　　　　　　　　　　　　　　　　／s／ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

6